## EASTMAN V. MOORE.

1. SUFFICIENCY OF NOTICE. Where a petition or motion was filed asking the District Court to open a decree which it had entered upon default, and to permit the defendants to defend, upon the ground that they had never been legally notified of the pendency of the action and had a meritorious defense thereto, it was *held* that a notice of the filing of said petition, or motion, in which no parties were named, was insufficient.

2. SAME: SERVICE OF COPIES OF PAPERS. If the insufficiency of such a notice could be cured by serving a copy of such petition or motion therewith, the return of the officer making the service should show affirmatively that the paper served was a true copy of the one on file.

*Appeal from Hardin District Court.*

THURSDAY, APRIL 16.

THE facts are stated in the opinion of the court.

*E. W. Eastman* for the appellant.

*C. C. Cole* for the appellee.

LOWE, J.— At the April Term, 1856, of the District Court of Hardin County, Esther Ellsworth recovered a judgment of one thousand dollars against one Richard Moore, for seduction. She had commenced her suit in October before, at which time the said defendant was residing on the lands that are now the subject of this controversy. Soon afterward he left the state and became a non-resident, whereupon, in January, 1856, the said Esther, to secure the judgment she might obtain, attached said lands. This attachment, by order of the court, upon motion, was quashed, at the same Term the judgment aforesaid was rendered; but said order was afterwards reversed by the judgment of the Supreme Court, upon appeal. In March, 1856, W. F. Moore filed for record in Hardin county, a deed of said land, purporting to have been executed by Richard Moore, to him, in Ohio, on the 19th of November, 1855.

Under the judgment aforesaid, the land was sold in March, 1858, at sheriff's sale, and purchased by the plaintiff in this suit, to whom a sheriff's deed was made in one year thereafter, the property not being redeemed. Soon thereafter the plaintiff, Eastman, filed his petition in chancery to quiet his title, and to have the deed of conveyance aforesaid set aside as a cloud upon his title, alleging that the same was fraudulent and without consideration. The defendants not appearing, were defaulted and the prayer of petition granted. More than three years thereafter, to wit: in September, 1862, the defendants filed a petition to have the decree last aforesaid opened, and for permission to defend, claiming to have a meritorious defense, and that they had never been legally notified of the pendency of said suit, and that the same had only come to their knowledge within the last year. The prayer of this petition was granted at the succeeding Term, the plaintiff, Eastman, not appearing or resisting, but he appeals from the order

of the court, insisting, first, that it was made without any proper jurisdiction of the court, as no legal or sufficient notice of the application had been served upon him; and this is the first, and indeed the important question, for us to decide, as the record now stands before us.

"To the above named plaintiff, E. W. Eastman: You will please take notice that this notice is founded on the petition of the said defendants, now on file in said cause, a copy of which you are herewith served, and also on the papers and proceedings in said cause as appears of record, and that this motion will be brought on for argument at the next Term of the District Court, to be holden at the court house in Eldora, Hardin county, on the sixth day of October, at 10 o'clock in the forenoon of said day, being the first day of said October Term, or as soon thereafter as causes set can be heard.          Yours, &c.,

                                        L. CHAPMAN,
Sept. 18th, 1862.          Attorney for defendants."

Upon which was a return as follows:

"Rec'd this 22d day of Sept., 1862, and return the same served on E. W. Eastman, att'y, by reading the said notice to said Eastman, in Eldora, Hardin county, Iowa, on the 22d day of Sept., 1862: also delivered a copy of notice and copy of petition to said Eastman at the same time and place. Fees, 60.                         J. G. YERICK,
                              Sheriff, Hardin Co., Iowa."

It will be observed that the foregoing notice states no case, mentions the names of no parties in any case, and standing by itself, is wholly insufficient from pure vagueness; but it is claimed that its defect in this respect is adequately remedied, perhaps by a delivery of a copy of a petition at the time the notice was served. The officer, in his return, does state that he delivered to Eastman a copy of notice and copy of petition. Now, if a defective notice can be patched up in this way, it should at least appear affirmatively in the return of the officer, that

Eastman v. Miller.

the petition delivered was really a copy of the one filed in this case. Such, however, does not appear in the return, and the same is only a matter of conjecture, which would be an unsafe rule to adopt in determining questions of jurisdiction.

With regard to the other questions raised and discussed by counsel, it does not seem proper that we should pass upon them until the parties are properly before the court, and the order of the court below must be reversed and remanded for revision.

Reversed.